23-1108, U.S. v. Mayfield, Mr. Miller, are you ready? Benjamin Miller, on behalf of Diedrich Mayfield, and if possible I'd like to try to reserve my last two minutes for rebuttal. All courts retain some discretion to manage how trial progresses. But the court here seriously misapplied that principle when it told defense it was unacceptable not to stipulate the government's evidence, ordered the defense to do so, and appeared to impose sanctions if the defense refused. What the Supreme Court has said is this is a due process violation of the most basic sort, and that is why reversal is required here. If we look at all the court said here, in what was not a single sentence in a back and forth, this was a pretty lengthy monologue on behalf of the court towards defense counsel. It covers over a page and a half. It's about 300 words. And almost everything the court says violates longstanding principles of what should happen at a criminal trial. It starts right away when the court tells counsel it's unacceptable that you haven't stipulated. Wasn't that in the context, though, of counsel had not met and conferred with the government? I'm not, I don't know exactly why that was, but I know the deadline had passed. This party had offered their exhibits, and defense had chosen not to stipulate, which is entirely up in the defense's discretion. And it's not unacceptable not to stipulate. And to tell the defense counsel it is is wrong. Defense has no obligation to help the government introduce its evidence. So it isn't unacceptable. Do you agree, though, that the court can place an obligation on counsel to meet and confer with the government's counsel? Yes, but that's where it needs to end. But the record here shows that counsel had not met and conferred with the government's counsel. Isn't that right? It may. I don't know. I'm not sure. But I also know, even if it is true, that doesn't justify what the court did. The court didn't simply say, I would like you to meet with the government and discuss this evidence. The court tells them, it is unacceptable that you have not stipulated. He doesn't say it's unacceptable that you haven't met with them. He says it's unacceptable that you haven't stipulated. He says, I'm going to order you to stipulate, to quote, the maximum extent possible. And I'm going to tell you, if you don't, you're going to start trial on very bad footing. So did the attorney object to this order by the court? He did not. So we're reviewing for plain error. I would argue first that this still falls under this court's futility exception, which still exists. That once the court knew what the power position was, the power position was, we're not stipulating. Once the court said, you must do this, and orders them to do it, the matter was done, which is completely consistent with what this court has said in Alvarado Valencia and Nadal, which is not inconsistent at all with Greer. But even putting that aside, it is plain error when, going back decades, the Supreme Court has said that defense counsel can't be forced to ease the government's burden, that we have an adversarial process. Well, there are several steps to the plain error analysis. Yes. The third step is prejudice. Yes. All this stuff was undisputable, wasn't it? Can you point to anything that he stipulated to that there was any chance that he could have successfully objected to? Yes. We have a litany of still photographs that are just cumulative evidence. We have cell phone video. Oh, so, okay. You're not saying it wasn't admissible, it wasn't hearsay or something like that. It was cumulative. You're basing prejudice on the fact that he showed more pictures? He let in more pictures than he needed to? Well, I don't think that we're basing prejudice from all that. This wasn't – the court ordered defense counsel to stipulate to the admissibility of the evidence. So an objection would be, this isn't admissible, Your Honor. These are photographs. They're just merely repeating what this person has testified. There's cell phone video that comes in from the motel that wasn't recorded in real time, that there's no one with actual – So you think there's a reasonable possibility if that cumulative evidence hadn't come in that the verdict would have been different? That's a tough road to hoe. Well, but part of prejudice is also that what was the impact of this warning? No, the prejudice is the effect on the outcome of the case. That's what you have to show. So you're saying that if these additional photographs had been excluded as cumulative, he would have been acquitted? There's a good chance he would have been acquitted? What I am saying, Your Honor, is that part of the prejudice is the impact of what this court says here. And when the court is telling counsel, I need you to work with the government. I don't want this case slowing down. That chills counsel's representation. That in itself is prejudicial. When we don't know the impact of how a trial plays out, had the court not demanded that defense work with the government, help them ease their burden, not get in the way, and not slow down the case. The court said it's up to you to help the government make sure we don't put the jury to sleep. Well, he was talking about not stipulating to clearly relevant evidence that was admissible. It might have been cumulative. Well, I don't know – Were there any other defects in any of the evidence that he stipulated to? Well, I don't know he went from stipulating to zero to stipulating to 70-something exhibits. And if it was so obvious that these were admissible, what's the point of stipulation? Why would the judge go on and on for two and a half, two pages, ordering defense not to do it? Because the judge thought this was clearly admissible, and he was being obstructive by not – by objecting to it, by not stipulating to it. The judge obviously thought it was all admissible and that this was just obstructive conduct by the attorney. That's why he thought it was unreasonable for him not to stipulate. So to show prejudice, you need to indicate that some of that evidence would not have been admitted if there had been an objection. And then your response was, well, you know what your response just was, but that seemed to assume that, gee, if it was already all admissible, then there was nothing wrong with not stipulating. No, it takes time. You have to bring in a lot of witnesses to authenticate stuff, even if it's clearly authenticatable. But I think in right there, Your Honor, I think in your question, you're assuming things that we don't know. Right, but it's your burden. It's your burden to show prejudice. No, I want to backtrack. Now it's the prejudice part. When the court is ordering defense counsel to do things – I'm taking your question. I'm assuming that the court is allowed to make a decision on its own what it thinks of the evidence. The court wants to make this order. This is pretrial. The court doesn't know what the evidence is. I'm assuming that the judge made an error, and it was plainly contrary to law. I'm granting you that. Okay. And then saying, what about the third prong, the plain error review? And all I've heard is that some of this evidence was cumulative. The admission of cumulative evidence is not going to change the outcome of many trials. No, I would agree with that, Your Honor, but I also think if you look at the Supreme Court's recent plain error cases, Henderson and Rosales-Morales, it talks about plain error not being simply a grading system for the judge. It talks about plain error being the types of errors that allow courts to correct things that impact the integrity and fairness of the case. And that's what I'm asking about. And my argument is when the court's order here is violating a defendant's right to counsel, is violating the idea that there's no obligation on defense ever, whether this evidence would have come in or not, whether the defense should have stipulated or not, is not the judge's decision to make. It's counsel's decision to make for one reason. It is in defense's interest. I'm granting you that. No, I understand, but what I'm adding to that, Your Honor, is part of the prejudice is how does this then impact how counsel behaves throughout all of the trial? And what we do have here is, as we detail in our brief, a lot of examples of objectionable testimony that comes in where counsel sits on his hands. We have examples at sentencing where this attorney is still being apologetic to this judge. He's saying, Your Honor, indulge me and tell me how you want me to argue. I don't want to take up your time. This counsel is on his heels throughout the entirety of trial. And that is a direct result of this. We have cases that say that when there appears to be punishment for exercising your rights, which is actually what happened here, that there's a presumption of vindictiveness. And that is enough to warrant reversal. And we have that presumption. Well, do we have anything to overcome it? And there's nothing in this record to overcome it when we have a court that's focused on efficiency, not focused on ensuring the adversarial process is protected. And we have a defense counsel who sits on his hands for almost all of trial, misses objection after objection to, I think, almost all of their law enforcement witnesses, as we detail in our brief. I mean, a lot of testimony that comes in that is arguably objectionable, whether everyone is sustained. Let me ask you a question. So isn't the problem here, I mean, this is a really hard argument on direct appeal, it seems to me. Because we're up here, all of the things that you say are things that trial counsel could decide to do as a strategic matter, not objecting to testimony. So much testimony at trial comes in without objection because the defense attorney says, I don't want to draw attention to it. I don't want the jury to think I'm obstructing. I don't want to get admonished for continually objecting to things that may or may not matter. I mean, there's so many things going. But we don't know in this record why that is. We do know that when certain things were important to this counsel, that they did object, and that they strenuously objected. For example, when the juror was excused, counsel strongly opposed that, wasn't afraid to do that. So why should, I mean, if we see instances in the record where counsel did object, was not afraid to object, why should we go off on the assumption that the rest of the times they didn't object, it's because they were scared? Because I don't think that the defense counsel, and I don't think I would call it a strenuous objection with the juror. But when we have one thing, we have things that are facts. There is no stipulations to any of the evidence. There is improper order. And here's what concerns me about that. Let's talk about that for a minute. What concerns me is I think we're saying, OK, this counsel, there was going to be a, we don't have this in the record, by the way, because he never said this. There was going to be a strategy to not stipulate and to put the government to their burden. But we don't have anything in the record showing that. And then it seems to me that the court's statements were sort of caused by the fact that counsel had made no effort to confer and stipulate to any exhibits at all. And that's routine. That's normal cooperation in a trial for people to at least confer and decide that some of the exhibits, some of them were his own exhibits. And he wouldn't stipulate to them. I mean, what do you do with that? It's irrelevant, Your Honor. It is relevant because the court has to have the ability to control people from being either A, lazy, or B, obstructionist. And it can't interfere with the defendant's right to tell the court, tell the government, it's your job to prove your case. He didn't say that. He didn't do that. He did do that, Your Honor. When we know the deadline had passed to stipulate, he had stipulated to zero, this order happens, he then stipulates to 70 exhibits. Did he send a letter or an email or is there a phone call to opposing counsel saying, hey, I'm not stipulating anything you're doing? I mean, all we know is he didn't do it. We don't know why. It could have been because he forgot, because he was negligent. We don't know why. But we do know the deadline passed and he hadn't stipulated. And to think he hadn't stipulated because he didn't realize the deadline was there is ignoring this massive improper comment from this judge that go on for 300 words telling him, you have to cooperate with the government or else we're going to put the jury to sleep. That's not defense's burden. And the last thing I'll say before I return to my rebuttal is chronic discusses. You can go to trial with no theory of defense and just say, I want to see the government prove its case. And that's what counsel wanted to do. He never had a stipulation. We don't know that that's what he wanted to do. We didn't even see that. We have no record of that. Well, I'm not going to repeat myself, Your Honor. But when you go from 0 to 70 plus with the only thing changing is this court's order, to think that didn't impact it is inconsistent with what this record says. Let me ask you one factual question. You say he hadn't stipulated to anything before that. But he had. When there was a question about continuing the trial because a witness couldn't be present, rather than having the trial continued, he stipulated to the authenticity of the halo video, which was by far the center part of the government's case. He stipulated to the most important evidence before the judge said anything. Am I wrong about that? You're not. We put this in our reply brief. That is an example of defense making a decision to stipulate to one piece of evidence that was part of the defense strategy in the defense's best interest. He didn't stipulate to that because the court said do this to help the government. He did it because Mr. Mayfield didn't want to delay trial. That's defense's best interest. And the judge looks at what the defense attorney's done and says, you're not stipulating to government evidence that they wouldn't put on their case, even though you've listed it as evidence in your case? The judge was quite proper to make comments about this obstructionist behavior. Whether the judge went too far, I'll acknowledge that he did or assume that he did for the purposes of plain error. But this was an obstructive defense attorney. And something could be said by the judge. Don't you agree the judge could have lectured him on the subject? The judge could lecture. The judge could say, we see this in the Barker case. The judge could say, I'd like to discuss with counsel what Your Honor has said. What the judge can't say is that it's unacceptable not to. And I'll ask you all to stay seated. That impacts how counsel behaves on trial. Thank you, Your Honor. Thank you. Thank you. Morning, Your Honors and may it please the court. Rajiv Mohan for the United States. I'd like to start with the standard of review. And plain error review applies here both because the futility exception does not survive Greer and it does not apply on its own terms. This court has explained that the exception applies when a party's position was made known to the district court. It was absolutely clear that an objection would have been futile. And here Mr. Mayfield's argument on appeal that there was some sort of due process violation was never made known to the district court. I think the standard of review is important here because as Judge Carson pointed out, the failure to object really leaves us with a limited record of what actually happened and deprived the parties of an opportunity to create a record of what happened with respect to the stipulations. And what I would say is if you look at the history of what is in the record, I think it shows both that counsel engaged in recent judgment in deciding what to stipulate to and also that the stipulations were the product of ongoing discussions between the parties. All we know from the government's original exhibit list is that nothing had been stipulated to at that point. When the government filed its revised exhibit list, counsel had stipulated to the authenticity of nearly all of the government's exhibits and the admissibility of about a third. So it was not the case that counsel stipulated wholesale to everything in response to the district court's comments. And then by the start of trial, counsel had stipulated the admissibility of more exhibits and that is at volume three, pages 378 to 79, which I think shows that the parties were still engaged in discussions after the trial preparation conference and in the build up to trial. Were you by chance trial counsel? I was, Your Honor. Okay. And I also want to address prejudice because I think even if this court were to indulge a lot of what Mr. Mayfield says, the fact remains that he stipulated to halo footage, which was the most significant evidence before the district court made the supposedly erroneous comments. And also with respect to prejudice on the question of objections, I think it is true as Judge Carson pointed out that counsel did object when he felt necessary. There's the example of the sick juror to which counsel objected to. Counsel objected during the government's opening statement. I think the reality is that counsel set out his theme of the case in his opening statement when he said that this is a case about reasonable doubt and government mistakes. And if you look at the objections that Mr. Mayfield now says counsel should have raised, they were not directed to that theme. They would not have advanced his arguments in those regards. And that is probably why counsel did not raise that. And so because there was no plain error here and certainly no prejudice, we would ask this court to affirm. And unless there are any further questions, I would seek the balance of my time. There are. So do you agree that it would have a chilling effect if the district judge told you if you don't stipulate to at least the authenticity of these exhibits, you're going to be starting off on a very bad foot with me? I don't think so. I think absent some sort of tangible sanction, and for all Mr. Mayfield talks about sanctions, I don't think he has specified what sanction he believes the district court had in store for him. And outside of that, I think the court's statements were just a passing expression of frustration, which, as the Supreme Court put it in Latecky, was within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. And if you look at the rest of the transcript of the trial preparation conference, I think counsel and the court engaged in back and forth on a number of other issues. And there's no indication that those comments affected counsel throughout the rest of the trial preparation. Tell me the context in which the comments about stipulate to the maximum extent possible, and if you don't stipulate to authenticity, you're going to be off on a bad foot with me. What was the court's understanding at that point as to what the government and defense counsel had done regarding exhibits in this case? So I think the court's understanding at that point, really all the court had was the government's exhibit list, which had reflected no stipulations on it. Earlier in the trial preparation conference, in the discussion about the continuance motion, the court had talked with Mr. Mayfield's counsel about stipulations to the authenticity and admissibility of the halo footage. So that was on the record before. But I think that is the extent of the court's knowledge. There was no indication that counsel had affirmatively refused to stipulate or made some conscious strategic decision not to do so. All the court had was the government's exhibit list, which listed no stipulations. I mean, this may be extra record, and if it is, I don't mean to bring it into the proceeding. But did counsel communicate with you to the effect that, listen, man, I'm not stipulating to any of your exhibits. It's your job to prove this case, and my strategy is that you were going to meet your burden. I think it would probably be inappropriate for me to supplement the record with my personal recollection. Fair enough. If it's not in there, I don't need to know it. What I would point to is the fact that counsel stipulated to additional exhibits after the government's revised exhibit list I think shows that the parties were engaged in ongoing discussions, and this was an ongoing process. And if there are no other questions, we would ask the court to refer. Thank you. As I signaled, I'm giving you one more minute. Thank you, Your Honor. I'll be really quick. Page 39, I believe it is, of the supplemental record, the government submits its revised exhibit list, where it says, per the court's directive. These were stipulated to not because of ongoing discussion, but because the court directed counsel to do it. And the Supreme Court, in chronic, has said, if the process loses its character as a confrontation between adversaries, the constitutional guarantee of right to counsel in due process is violated. Defense had no obligation to ease the government's burden. Defense had no obligation to make the government's case more appeasable to the jury. Whatever the reasoning was, that wasn't for the judge's concern. It wasn't for counsel's concern. And the court erred when it made defense help the government. Would it be your position that counsel could be entirely negligent and dilatory in engaging with the government on meeting and conferring, and for that reason didn't stipulate to anything? And that the district court just has to say, well, they're under no obligation, so government looks like you have to bring in all these foundational witnesses, and you're going to have to lay a foundation for every exhibit, improve its admissibility, without any further discussion? I think two things, Your Honor. I think, well, I guess the point is, of course, counsel can be inattentive. No, I'm assuming they're inattentive. Is the district court required just to sit there at that point and say, forget it. I'm just going to give up control over the trial. It's going to be a free-for-all. Bring up the exhibits one at a time. I think two things, and I'll sit down and thank you for giving me a little bit of time, is I think the court can say, like we've mentioned, we need you to discuss. But I also think it's important, when the court tells counsel, this is unacceptable. You must do the A, B, and C. Counsel there says, I'm sorry, Your Honor, we're going to continue negotiations. So there's also no indication that's what he was trying to do either. And for that, because I think this order, not that we want a single comment, but we're talking about 300 words, all directed at improperly enforcing defense. It was improper. Thank you.